## 29400. IRVING v. THE STATE.

NICHOLS, Presiding Justice.

The defendant was indicted on three counts of armed robbery. At the conclusion of the state's evidence a motion was granted directing a verdict of not guilty on Count 3. Thereafter, the jury found the defendant not guilty as to Count 1 and guilty as to Count 2. The defendant was sentenced by the jury to ten years imprisonment to begin at the conclusion of a sentence previously rendered on another indictment. A motion for new trial was filed, overruled and the present appeal filed.

The enumerations of error filed in this case present but one question for decision, to wit: should a motion for mistrial have been granted because the defendant's character was placed in issue.

During the trial an admitted accomplice of the defendant testified on behalf of the state. With reference to Count 1 this witness was asked if he and the defendant had discussed such armed robbery to which question he replied in the affirmative. He was then asked what the defendant told him, to which the witness replied "Well, we were at my house, Irving said, like he knew this place we can hit and I told him 'It was all right with me' and so he said like he wanted to go in first because he had hit the place before."

Later during the trial the victim of such armed robbery testified that she recognized the defendant by his voice, and that she recognized his voice as a result of his having committed another armed robbery in which she was also a victim at the same location some three years

previously.

Pretermitting the question of whether the admission of inadmissible evidence would be harmful error where the jury found the defendant not guilty on that count of the indictment, the evidence here complained of was not inadmissible.

The statement attributed to the defendant by the co-conspirator related to the plan for committing the armed robbery, while the testimony of the victim related directly to the identification of the defendant. This testimony was admissible "for the purpose of identifying him as the guilty party and for the purpose of showing motive, plan, scheme, bent of mind, and course of conduct." *Anderson v. State,* 222 Ga. 561 (3) (150 SE2d 638); *Gunter v. State,* 223 Ga. 290 (4) (154 SE2d 608); *Spurlin v. State,* 228 Ga. 2, 5 (183 SE2d 765).

The trial court did not err in admitting such testimony over objection and the refusal to grant a mistrial was not error.

The evidence authorized a verdict and such conviction must be confirmed.

*Judgment affirmed. All the Justices concur, except Gunter, Jordan and Ingram, JJ., who concur in the judgment only.*

Submitted November 15, 1974 — Decided December 3, 1974.

*James & Shipp, Tommy Day Wilcox,* for appellant.
*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.