## 29709. BELL v. THE STATE.

HALL, Justice.

Bell appeals from his conviction and life sentence for the July 5, 1972 armed robbery of Joyce Berry, an attendant in a convenience store on Riverdale Road in Clayton County, Georgia. The robber escaped with $812.12. Approximately an hour later, Bell was apprehended by police in the course of robbing another convenience store, this one on Allison Court in Atlanta, Georgia. Bell was apprehended before obtaining any money from the Allison Court robbery, but his automobile was found to contain a large amount of cash. Subsequently, the Riverdale Road victims positively identified Bell as the robber in the first incident.

At Bell's trial for the Riverdale Road robbery many of the state's witnesses and exhibits referred to the Allison Court episode over Bell's objections. On this appeal he raises 48 enumerations of error.

1. Enumerations 5, 6, 7, 9, 10, 13, 32 and 33 allege error in overruling Bell's motions for mistrial or to strike on grounds that the state's evidence of the Allison Court crime had wrongly placed his character in issue and was irrelevant to the Riverdale Road crime for which he was being tried. This evidence was properly admitted as part of the res gestae and to show the motive, scheme, design, method of operation, identity, and subsequently the apprehension of the appellant. The similarities between the "Allison Court" crime and the "Riverdale Road" crime included the fact that one occurred only an hour after the other; the same type store, that is, a convenience food store, was the target of each robbery attempt; there were similar descriptions of the perpetrators' characteristics including clothing (which provided the clue that resulted in the positive identification of Bell by the "Riverdale Road" crime victims); and each robber possessed a large pistol and an automobile. Additionally, the evidence showed Bell's failure to obtain any money from the "Allison Court" store whereas a large sum of money was recovered from his car and was subsequently returned to an agent-employee of the Riverdale Road store. The enumerations are without merit. *Davis v. State,* 233 Ga.

638 (212 SE2d 814); *Irving v. State,* 233 Ga. 353 (211 SE2d 309); *Hunt v. State,* 233 Ga. 329 (211 SE2d 288); *Payne v. State,* 233 Ga. 294 (210 SE2d 775).

2. Enumerations 24 and 25 relate to the in-court identification of the appellant. There are no facts showing that the identification of the appellant was impermissively suggestive and the testimony supports a finding that the challenged photograph did not form the basis for the in-court identification. See *Payne v. State,* 233 Ga. 294, supra, pp. 297-302. The enumerations are without merit.

3. Enumerations 26, 27, 28, 30 and 31 relate to the sequestration of witnesses. The appellant contends the rule was violated for the reason that a key state's witness was not in the witness room but was instead in the district attorney's office which was equipped with an operational courtroom monitoring system which conveyed testimony of the trial to certain rooms in the district attorney's office. The testimony shows that while the witness and her daughter were in the reception area of that office, she did not hear anything on the monitoring system nor was there any discussion of the case by anyone in her presence. The enumerations are without merit.

4. Enumeration 43 relates to the charge on alibi and is without merit. The charge was in substance the same as that approved in *Payne v. State,* 233 Ga. 294, supra, pp. 314-316.

5. Having reviewed the record and transcript with respect to all other enumerations (1-4, 8, 11, 12, 14-23, 29, 34-42 and 44-48) we find them without merit. There being no reversible error, the judgment will be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED MARCH 11, 1975 — DECIDED MAY 6, 1975 —
REHEARING DENIED MAY 27, 1975.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*William Ison, District Attorney, Watson, Brown, Foster & Kellar, Robert E. Kellar,* for appellee.