## 30920. HILL v. THE STATE.

INGRAM, Justice.

Dwellie Hill appeals his conviction on five counts of armed robbery after a jury trial in Richmond Superior Court. A review of the enumerations of error requires that we reverse the trial court's judgment in this case.

The evidence revealed the following: On December 5, 1974, around twilight, three masked men bearing pistols entered the White Horse Whiskey Store in Richmond County and stated, "This is a holdup, gimme your money." The robbers tied up two female customers who were in the store and took their purses from them. They also took the money in the cash register as well as other items (watch and billfold) belonging to the employees.

At the joint trial of Richard Miller and Dwellie Hill, the state produced a witness by the name of Alvin Hawkins who testified that he and the two defendants on trial participated in the armed robbery of the whiskey store. He identified two of the ski masks used in the robbery and these masks were admitted into evidence without objection. He testified that appellant wore the grey ski mask during the robberies which the witness identified as State's Exhibit No. 3. Another state's witness had testified that the two masks received in evidence looked similar to the ones worn by two of the robbers. In addition, an officer testified the two masks received in evidence were found in a car occupied by Hawkins, the two defendants and a fourth person two days after the robbery when arrests were made in this case.

On cross examination, witness Hawkins admitted that he had been convicted of robbery in 1968 and served a

prison term for that offense. He also admitted that he had made a "deal" with the state whereby he was to receive a seven-year sentence in exchange for testimony in this and several other cases. This witness was allowed, over defense objection, to testify about other alleged armed robberies in which Hawkins, the two defendants on trial and a fourth person participated. Two other witnesses were allowed, over objection, to testify about two of the other armed robberies which were staged by three masked men, but neither witness identified appellant as a participant. All of the armed robberies allegedly occurred in Richmond County during the same month as the White Horse Whiskey Store robbery. Motions for mistrial made on behalf of the defendants on trial were denied by the trial court.

Both defendants testified in their own behalf and each denied any participation in the White Horse Whiskey Store episode. The trial court specifically instructed the jury on the evidence relating to the other robberies. The jurors were told that they."should use this testimony, if at all, in the consideration of the case before them as a circumstance to throw light upon the intent, scheme, plan or bent of mind of the defendant when the alleged armed robbery was committed, if such armed robbery was in fact committed."

There were a number of similarities common to all of the armed robberies. They all occurred during the same month in Richmond County. In each instance, three gunmen entered the front door of a business with either ski masks or pillow cases over their heads. In each criminal transaction the store and customers in it were robbed. The victims were made to lie on the floor and pistols were used to intimidate the occupants and accomplish the thefts.

If appellant had been identified as a participant in the other alleged armed robberies by some evidence other than the testimony of the one alleged accomplice, there would be no error in the admission of the testimony for the limited purpose for which it was received into evidence. See *Fears v. State,* 236 Ga. 660 (1976), and cits., in addition to *Irving v. State,* 233 Ga. 353 (211 SE2d 309) (1974); and *Davis v. State,* 233 Ga. 638 (212 SE2d 814)

(1975). However, the only evidence identifying appellant as a participant in any of the alleged armed robberies came from the testimony of the alleged accomplice Hawkins.

This brings us to the other substantive error urged in this appeal and that is the evidence is insufficient to corroborate the testimony of the alleged accomplice (Hawkins) which implicated appellant in the crimes at the White Horse Whiskey Store. See Code Ann. § 38-121.

The state argues that the grey ski mask, admitted into evidence as State Exhibit No. 3, is the key to the corroborating evidence in this case. This mask was found by the police in the vehicle in which appellant was riding as a passenger at the time of his arrest. There was testimony by the store employees that this mask looked similar to the mask worn by one of the three robbers. However, there were three other people in the automobile with appellant at the time of his arrest. There is no testimony that the grey ski mask belonged to appellant except for the testimony of the one alleged accomplice. No one has identified appellant, by size, race, voice, mannerisms, appearance or otherwise, as a participant in the crimes other than the alleged accomplice Hawkins. There is no incriminating statement or confession in the case. While the other evidence corroborates the alleged accomplice's testimony that the crimes were committed, it fails to corroborate the identity of appellant as a participant in the crimes. This is inadequate under Code Ann. § 38-121.

"Under § 38-121, testimony which concerns the identity of other participants must be corroborated by some means independent of the testimony of the accomplice. One who is guilty of a crime in which he participated will always be able to relate the facts of the case and if the corroboration goes only to the truth of that history, without identifying the person accused, it is really no corroboration at all.

"Therefore, a distinction must be made between evidence which tends to prove the truth of the ac-complice's general testimony and that which tends to prove the identity and participation of the accused. With regard to the former, the rule as stated by the Court of

Appeals, is accurate. This means that an accomplice's testimony is more believable when it is corroborated in material part. But insofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime.

"Simply because an accomplice's testimony is corroborated in most details, it does not follow that his testimony alone as to the identity and participation of the accused is sufficient to justify conviction." *West v. State,* 232 Ga. 861, 865 (209 SE2d 195) (1974).

The evidence in the present case is insufficient to satisfy the requirements of the law requiring corroboration of the alleged accomplice's testimony. The corroborating evidence must do more than merely cast on the defendant a grave suspicion of guilt. *Allen v. State,* 215 Ga. 455 (2) (111 SE2d 70) (1959). See also *Caldwell v. State,* 227 Ga. 703, 706 (182 SE2d 789) (1971). Cf. *Birt v. State,* 236 Ga. 815.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., and Jordan, J., who dissent.*

SUBMITTED MARCH 5, 1976 — DECIDED APRIL 27, 1976.

*Hinton R. Pierce,* for appellant.

*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.