## 31174. BELL v. HOPPER.

HILL, Justice.

This is a habeas corpus case in which we granted a certificate of probable cause to appeal. Our primary concern was and is that the judicial branch of government is without authority to countermand lawful orders of the executive branch pardoning or paroling a prisoner or commuting his sentence. Also of concern was the absence of a full evidentiary hearing. For the reasons stated hereinafter, we remand for further proceedings.

Petitioner was indicted in 1974 by the February term grand jury of Clayton County for armed robbery, was tried in case number 8-12778, was convicted, and was sentenced to life imprisonment on March 28, 1974, which conviction was affirmed on appeal in *Bell v. State*, 234 Ga. 473 (216 SE2d 279) (1975).

On July 28, 1975, the Department of Corrections, by

letter from the office of the commissioner to petitioner, stated that petitioner would be discharged on September 9, 1975.

On September 3, 1975, the State Board of Pardons and Paroles, by letter of its chairman to petitioner's mother, stated that petitioner would be discharged from prison on September 9, 1975.

Petitioner was released from Reidsville State Prison on September 9, 1975. He returned to Clayton County.

On October 21, 1975, a bench warrant was issued by the Superior Court of Clayton County for the arrest of petitioner based upon the 1974 grand jury indictment for armed robbery in case number 8-12778. Petitioner was rearrested the following day and was returned to Reidsville.

Petitioner sought habeas corpus relief. The warden stipulated that when petitioner was released from Reidsville on September 9, 1975, he was "unconditionally discharged." The habeas court remanded the petitioner to the custody of the warden after finding that petitioner's discharge after serving only 18 months on a life sentence was erroneous. The habeas court found further as follows: "While it is not possible, based upon the evidence before this Court, to determine precisely why Petitioner was released from prison after serving less than two years of a life sentence, the evidence clearly establishes that Petitioner's life sentence has not expired, that the sentence has not been commuted, and that Petitioner has not been paroled or pardoned. In this habeas corpus proceeding Petitioner bears the burden of showing that his current restraint is illegal or otherwise invalid. The evidence before this Court shows, at most, that officials of the Department of Offender Rehabilitation and the Board of Pardons and Paroles were under the impression that Petitioner was to be released from prison in September 1975. This Court finds it incredible that these officials would have been under this impression had they been aware of Petitioner's 1974 conviction and life sentence. Accordingly, this Court finds that any statements or assertions made to Petitioner or his family by State officials concerning his release date of September 9, 1975, were made without knowledge of the 1974 life sentence."

We share the habeas court's perplexity. Unfortunately, we are unable to agree with the findings and conclusions such perplexity arouses.

When a prisoner in a habeas corpus proceeding shows that he was unconditionally discharged from prison after receiving a sentence for armed robbery, was rearrested upon a warrant charging him with that armed robbery, and was reimprisoned for that armed robbery without a hearing, the burden in a habeas corpus proceeding shifts to the warden to show that the subsequent restraint is legal.

This case therefore is remanded to the habeas court to enable the warden to produce evidence that petitioner's sentence has not been commuted or otherwise expired, that petition has not been paroled or pardoned, and that petitioner's current imprisonment is legal.

*Remanded with direction. All the Justices concur, except Gunter, Ingram and Hall, JJ., who dissent.*

ARGUED JUNE 14, 1976 — DECIDED JUNE 24, 1976 —
REHEARING DENIED JULY 8, 1976.

*Paul S. Weiner, Paul McGee,* for appellant.

*John W. Underwood, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.

GUNTER, Justice, dissenting.

I think the court by its decision today in this case has judicially created a dwarf out of what was once the "Great Writ." I would reverse the habeas corpus judgment rendered below.

This record and the court's opinion show that the appellant was arrested under a void warrant; he was not afforded a commitment hearing or any other kind of hearing by the state; immediately after his unconstitutional arrest, he was transported from his home county to a distant state correctional institution; and he has been unconstitutionally incarcerated there since October of 1975, some nine months.

If there ever was or ever will be a record and

transcript that depicts the deprivation of the liberty of a citizen without due process of law more vividly than this one does, it would exceed the confines of my rather uninhibited imagination.

I think the appellant has, since October 22, 1975, been deprived of his liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution and its equivalent in the Georgia Constitution.

I respectfully dissent.

INGRAM, Justice and HALL, Justice, dissenting.

In our judgment the state failed at the habeas hearing to show that appellant's present restraint is legal and therefore a writ of appellant's release should have been issued by the habeas judge. The majority opinion concedes this to be the case by remanding "to the habeas court to enable the warden to produce evidence that petitioner's sentence has not been commuted or otherwise expired, that [appellant] has not been paroled or pardoned, and that [appellant's] current imprisonment is legal."

This was exactly what the state should have done at the habeas hearing but failed to do. In other words, the majority opinion in effect holds that although the state failed to show appellant's restraint was legal, a second habeas hearing will be conducted to give the state another opportunity to refute appellant's proof at the first hearing that his present restraint is illegal. The majority opinion cites no authority for its holding and I know of no authority which allows a second trial simply because the state failed to prove its case at the first trial.

Appellant established at the habeas hearing that he received a life imprisonment sentence for robbery in Clayton Superior Court; that after he had served a part of the sentence at the Rèidsville penitentiary he was unconditionally discharged by state authorities and released from prison. Thereafter, while living at home in Clayton County, he was re-arrested on a new bench warrant based on the original robbery indictment and taken back under that bench warrant to prison at Reidsville without any notice or hearing of any kind.

In our opinion, the bench warrant under which appellant was taken back to the Reidsville penitentiary was void. See Code Ann. § 27-801 for the function and purpose of a bench warrant. We do not question the power of the state to recommit a prisoner who is released or discharged by mistake. No mistake was shown by the state at the habeas hearing. If appellant's unconditional discharge was a mistake, appropriate proceedings can be initiated by the state to correct that mistake and re-commit appellant to custody. The re-arrest and reconfinement of appellant under a void bench warrant without a hearing is not the way to do it.