## 32061. MILLER v. THE STATE.

HALL, Justice.
Richard Miller appeals his convictions and life sentences on six counts of armed robbery pursuant to two separate indictments and two separate jury trials in Richmond Superior Court.

*Indictment 27*
On the evening of December 7, 1974, Richard Miller, Henry Cummings, Alvin Hawkins and Dwellie Hill were arrested after a chase of the automobile in which they were riding following an armed robbery at the Peacock

Lounge in Richmond County. Subsequently, these individuals were indicted for that robbery and for several other unsolved robberies.[1] Miller, Cummings and Hill were convicted under Indictment 27 of the armed robbery of the Peacock Lounge and received life sentences.[2] Miller appeals his life sentence, enumerating as error the admission of certain testimony regarding a set of car keys and the admission of those car keys.

Indictment 27 was divided into two counts, the first citing an armed robbery at the Peacock Lounge, the second citing an armed robbery of Esther Howell Beane. The testimony and evidence objected to involves the second count, which was dismissed mid-trial for insufficient evidence. In his charge, the judge instructed the jury to disregard any evidence admitted on the second count; that the jury had before it only a decision on Count 1. Under these circumstances, we find that any error which might have been made was harmless, because it is highly improbable that any error committed on the dismissed count contributed to the jury's verdict on Count 1. See *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976), which discusses this court's harmless error standard in criminal cases. We therefore find appellant's enumerations of error regarding Indictment 27 to be without merit, and we affirm appellant's life sentence on that indictment.

## Indictment 78

In this case, Miller and Hill were tried together, convicted, and sentenced to concurrent life sentences on each of five counts of armed robbery at the White Horse Whiskey Store. We recently reversed Hill's conviction in an opinion setting forth the trial evidence. *Hill v. State,* 236 Ga. 831 (225 SE2d 281) (1976). In *Hill* we found two errors: (1) the trial court erred in allowing, over objection, two witnesses to testify about two similar armed robberies, since neither witness identified Hill as a

---

[1] Two related cases have already been decided on appeal. *Hill v. State,* 237 Ga. 523 (228 SE2d 898) (1976); *Hill v. State,* 236 Ga. 831 (225 SE2d 281) (1976).

[2] Hawkins testified for the state and was never tried.

participant in those earlier robberies and since the only evidence presented identifying Hill as a participant in the other armed robberies came from an accomplice, and (2) the evidence was insufficient to convict Hill because, other than the accomplice's testimony, there was no independent corroborating evidence tending to connect Hill with the crime.

On appeal, Miller enumerates those identical errors for which Hill's conviction was reversed. In addition, he contends that the trial court erred in allowing a detective to testify regarding a watch found in Miller's home pursuant to a "purported" search warrant.

1. The testimony of two witnesses regarding prior similar crimes was identical as it related to both Hill and Miller. Neither witness identified Miller as a participant in the earlier robberies; the only evidence connecting Miller to those crimes came from an accomplice. Therefore the trial court erred in not ordering a mistrial when this evidence was allowed in for the purpose of showing the intent, scheme, plan or bent of mind of the defendant when the present armed robbery was committed. See *Hill,* supra, at p. 832.

2. In Miller's case there was sufficient independent evidence to corroborate the testimony of the alleged accomplice which implicated Miller in the crimes at the White Horse Whiskey Store.

Detective Grant testified that he found a watch, the same one identified by one of the robbery victims as that taken from his person during the White Horse robbery, in a dresser in an upstairs bedroom in Miller's house. Miller could not explain the watch's presence in his house. This independent evidence tended to connect Miller to the crime and was sufficient corroboration of the accomplice's testimony as to the identity and participation of the accused. See *West v. State,* 232 Ga. 861 (2) (209 SE2d 195) (1974). Also see *Hill v. State,* 237 Ga. 523 (2) (228 SE2d 898) (1976). There was sufficient evidence to authorize the jury's conviction of Miller.

Appellant contends that the watch was erroneously admitted into evidence because Detective Grant failed to lay a proper foundation for the validity of the search warrant. Appellant first objected to the admission of this

evidence at trial. He had never filed a written motion to suppress this evidence as is required by Code Ann. § 27-313. Therefore, this contention is without merit. *Brannen v. State,* 117 Ga. App. 69 (159 SE2d 476) (1967).

Appellant's conviction under Indictment 27 is affirmed. Appellant's conviction under Indictment 78 is reversed and remanded for a new trial.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Nichols, C. J., Undercofler, P. J., and Jordan, J., who dissent from Division 1, and Nichols, C. J., and Gunter, J., who dissent from Division 2.*

SUBMITTED FEBRUARY 25, 1977 — DECIDED MARCH 10, 1977.

*Leonard M. Tuggle,* for appellant.

*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

UNDERCOFLER, Presiding Justice, dissenting.

I dissent to Division 1 of the majority opinion which follows *Hill v. State,* 236 Ga. 831 (225 SE2d 281) (1976), to which I also dissented. It holds that an accomplice's testimony of crimes other than the one on trial, which are admissible to show motive, scheme, and intent, must also be corroborated by independent evidence linking the defendant to those other crimes. This is an unnecessary extension of the corroboration rule.

The accomplice's testimony in Georgia is viewed with some skepticism based on the question of that witness' credibility. In order to satisfy that credibility problem, some independent evidence of the accused's participation in the crime on trial is required by law. Code Ann. § 38-121. Only slight evidence is necessary, and the accomplice's testimony need not be corroborated in every material part. Once so corroborated, however, all his testimony is admissible because its credibility has been thus bolstered. Wigmore on Evidence § 2056. This reasoning should extend to whatever testimony the accomplice offers without the necessity of further

corroboration of that portion of his testimony concerning other related offenses.

GUNTER, Justice, concurring and dissenting.

I concur in the reversal of the conviction under Indictment 78. And if a new trial is held on this charge, appellant can file a written motion to suppress evidence pursuant to Code Ann. § 27-313.

However, as I read our suppression statute, an oral motion to suppress evidence made during the course of a trial when the evidence is sought to be introduced, and the oral motion being taken down by the court reporter to become a part of the transcript, is the equivalent of making a written motion to suppress evidence as contemplated by our statute.

I am in disagreement with the ruling on this point contained in *Brannen v. State,* 117 Ga. App. 69 (159 SE2d 476) (1967), and this court's ruling today relying on that case.

As a result of today's decision, a motion to suppress made during the course of the trial and dictated to the court reporter for inclusion in the transcript is insufficient to comply with our statute and amounts to a waiver of the statutory right to suppress evidence. My interpretation of the statute is to the contrary, and I would hold that an oral motion to suppress dictated to a court reporter during a trial is the equivalent of a written motion that complies with the suppression statute.

With respect to Indictment 27, I do not consider the error to have been harmless.