## 32598. YELDELL v. THE STATE.

HILL, Justice.

The defendant was found guilty of rape and kidnapping and was sentenced to 20 years for each offense to run consecutively.

The victim testified that as she was getting into her car in a shopping center parking lot the defendant forced his way into the car at knifepoint. He drove with the knife between his legs to his house where he ordered her inside. After raping the victim twice, the defendant tied her with rope, gagged her with a terry cloth belt and put her in a closet. The defendant returned the victim's car to the parking lot and retrieved his own car. While he was gone the victim worked her hands free, found a dress to put on and escaped by forcing her way out of a bathroom window. She went to a house in the neighborhood, called a friend to pick her up and then notified police. In court the victim positively identified the defendant as her assailant.

Two detectives testified that they interviewed the victim and she stated she could identify the house where the rape took place. When they drove the victim to the area, she pointed out the defendant's house. The defendant opened the drapes to look outside and the victim identified him as her assailant. According to the testimony of the detectives, the defendant gave them permission to enter the house where a rope and knife were found in the bedroom and a terry cloth belt was found on the closet floor. The bathroom curtains were torn, the window was open and the screen was on the ground. A search of the defendant's car revealed a bag with the victim's jeans, shirt and shoes.

The doctor who examined the victim testified as to her physical and emotional condition. She had rope burns on her wrists, a lesion on her mouth which she reported had been caused by the terry cloth gag, and scratches and multiple bruises about her body. There were no knife cuts.

The defendant testified that the victim voluntarily came to his house and refused to leave when he ordered her to do so. He testified that the victim gave him her clothing to be given to charity and that she accepted one of his wife's dresses. The defendant denied he raped the victim and denied he tied her up.

1. The defendant urges that there was no evidence of force and no evidence that the crimes of rape and kidnapping were committed against the victim's will. This enumeration of error is frivolous.

2. The defendant argues that the trial court erred in failing to hold a hearing upon an oral motion, made during the trial, to suppress physical evidence seized in the search of the defendant's house and in not finding such physical evidence inadmissible. Code Ann. § 27-313 provides for motions to suppress evidence illegally seized. This statute specifically provides that such motion "shall be in writing and state facts showing wherein the search and seizure were unlawful." Code Ann. § 27-313 (b). The motion was not in writing as required by the Code section; the oral motion did not state facts showing wherein the search and seizure were unlawful, as required by the Code section; and the validity of the Code section has not been attacked. *Miller v. State,* 238 Ga. 560 (2) (233 SE2d 793) (1977).

3. The remaining enumerations of error are without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 29, 1977 — DECIDED OCTOBER 25, 1977.

George W. Yeldell, *pro se.*
*Chris G. Nicholson,* for appellant.
*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.