294 Ga. 903
FINAL COPY

S13G1554. HERNANDEZ v. THE STATE.

BLACKWELL, Justice.

Edgar Betancourt and appellant Oscar Hernandez were tried by a jury and convicted of trafficking in cocaine.[1] At trial, the State presented evidence that Betancourt and Hernandez were stopped by law enforcement officers on Interstate 85 in Gwinnett County. In the course of that traffic stop, the officers found a large quantity of cocaine hidden in the car in which Betancourt and Hernandez were traveling, a Nissan with a Massachusetts tag and dark tinted windows. The State also presented evidence of a similar transaction, in which Betancourt and Hernandez had been stopped two weeks earlier by law enforcement officers on Interstate 77 in North Carolina. In the course of that stop, the North Carolina officers found $195,000 hidden in the car in which Betancourt and Hernandez were traveling, a Mercedes with a Massachusetts tag and dark tinted windows. Betancourt and Hernandez both appealed from their convictions, and among other claims of error, Hernandez asserted that the trial

---

[1] Hernandez also was convicted of obstruction of a law enforcement officer, but that conviction is not important for the purposes of this appeal.

court should have suppressed the evidence of the similar transaction because the State failed to prove the lawfulness of the North Carolina traffic stop.

In Betancourt v. State, 322 Ga. App. 201 (744 SE2d 419) (2013), the Court of Appeals affirmed the convictions. About the suppression of the similar transaction evidence, the Court of Appeals noted that the exclusionary rule is intended principally to deter unlawful searches and seizures, and "the rule applies only when its remedial objectives are thought most efficaciously served." 322 Ga. App. at 208 (3) (b) (citation and punctuation omitted). The Court of Appeals reasoned that the suppression of evidence seized by out-of-state law enforcement officers would yield no appreciable deterrence, and as a result, it held that the exclusionary rule did not apply in this case to require the suppression of the similar transaction evidence, even assuming that such evidence was seized unlawfully. Id. at 209-210 (3) (b). On the petition of Hernandez, we granted a writ of certiorari to consider this holding by the Court of Appeals. We now affirm the judgment of the Court of Appeals, albeit on another ground.

Our statutory law provides a procedure by which an accused may move to suppress evidence that was obtained unlawfully. See OCGA § 17-5-30. A

motion to suppress must "be in writing and state facts showing that the search and seizure were unlawful." OCGA § 17-5-30 (b). In the absence of such a motion, the State has no burden to prove the lawfulness of the manner in which evidence was obtained, and the accused fails to preserve any error with respect to the suppression of the evidence. See Rucker v. State, 250 Ga. 371, 375 (11) (297 SE2d 481) (1982) (defendant waived suppression when he moved to suppress evidence orally, rather than in writing); Gilreath v. State, 247 Ga. 814, 822 (2) (279 SE2d 650) (1981) (same); Yeldell v. State, 240 Ga. 37, 38 (2) (239 SE2d 364) (1977) (finding no error in failure of trial court to suppress evidence where defendant moved to suppress orally, rather than in writing, and failed to state any facts demonstrating that the search and seizure were unlawful). See also 6 LaFave, *Search & Seizure* § 11.2 (a) (5th ed. 2013) (even "evidence acquired in violation of the Fourth Amendment is not excluded from criminal trials as a matter of course").

In this case, the State gave notice to Hernandez — about seven months before trial — that it intended to offer evidence of the North Carolina traffic stop as a similar transaction. Although Hernandez objected to the admission of that evidence on several grounds, he never argued before trial that the evidence

3

had been unlawfully obtained, and he never filed a written motion to suppress. Instead, he waited until a hearing on the admissibility of the similar transaction evidence — held out of the presence of the jury, but midway through the trial[2] — to say anything about the lawfulness of the North Carolina traffic stop. And even then, he pointed to no facts suggesting that the stop was unlawful. To the contrary, he merely argued that the State had failed to prove the lawfulness of the stop. The State, of course, had no burden to prove the lawfulness of the stop until its lawfulness was put in issue by a motion that complied with the statutory requirements, and it is undisputed that Hernandez filed no such motion. Accordingly, the trial court ruled that the State was not required to prove that the evidence was obtained lawfully. About this, the trial court was exactly right, and Hernandez has failed to preserve any error with respect to the suppression of the

---

[2] The State noted on the record that it attempted to schedule the hearing earlier, but Hernandez refused to stipulate that he was involved in the North Carolina stop. Hernandez acknowledged at the hearing that he had prior notice of the State's intention to introduce the similar transaction evidence at trial and that he had no objection to the timing of the hearing.

similar transaction evidence. Upon that ground,[3] we affirm the judgment of the

Court of Appeals.[4]

Judgment affirmed. All the Justices concur.

_____

[3] Because Hernandez has failed to preserve any error with respect to the suppression of the similar transaction evidence, it is not necessary in this case to consider the extent to which the exclusionary rule applies to similar transaction evidence obtained as a result of a search and seizure by out-of-state law enforcement officers. Accordingly, we express no opinion about the correctness of the views of the Court of Appeals upon that subject.

[4] Hernandez also argued in the Court of Appeals that his trial counsel was ineffective because he failed to preserve the suppression issue. About that, Hernandez failed to prove prejudice, an essential element of any claim that counsel rendered ineffective assistance. See Strickland v. Washington, 466 U. S. 668, 691-694 (III) (B) (104 SCt 2052, 80 LE2d 674) (1984). At the hearing on the admissibility of the similar transaction evidence, the State offered the testimony of a North Carolina officer who arrived at the scene only after another officer had stopped Betancourt and Hernandez. The State did not offer the testimony of the other North Carolina officer, who apparently was on vacation at the time of trial. As such, Hernandez argues that the State could not have proved the lawfulness of the North Carolina stop. But if his lawyer had done what Hernandez contends he should have done — if he had filed a written motion to suppress — the State would have had notice that it would be required to prove the lawfulness of the stop, and it conceivably could have made arrangements for the other North Carolina officer to testify (the record does not show otherwise). On his motion for new trial, Hernandez did not offer any testimony from this other officer, so the record does not reflect whether his testimony would have been insufficient to prove the lawfulness of the search. And as such, Hernandez failed to carry his burden to show prejudice. See Dickens v. State, 280 Ga. 320, 322-323 (2) (627 SE2d 587) (2006).

Decided March 28, 2014.

Certiorari to the Court of Appeals of Georgia – 322 Ga. App. 201.

Jess B. Johnson, for appellant.

Daniel J. Porter, District Attorney, Karen M. Harris, Assistant District Attorney, for appellee.