## 26435. CALDWELL v. THE STATE.

Submitted April 12, 1971—Decided June 16, 1971—
Rehearing denied July 9, 1971.

*Harry F. Thompson, Garland T. Byrd,* for appellant.

*Jack J. Gautier, District Attorney, Fred M. Hasty, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

Grice, Justice. Molleen Caldwell has appealed to this court from the judgment of conviction for robbery with an offensive weapon, the sentence of four years in the penitentiary, and the denial of her motion for new trial. She, William Barnhill, Jr., David Hollins, Melvin Hughes, Jr. and B. L. Roberts were indicted jointly for this offense by the grand jury of Bibb County for the robbery of James Norton, in that they forcibly took from him by use of a pistol and revolver $1,092. She was tried separately. Roberts had previously been tried and sentenced. The others were awaiting trial.

From the enumeration of errors it is apparent that the substantial issue here is whether or not the testimony of the co-indictees was properly admitted upon the theory of a conspiracy, and whether the jury should have been instructed with reference to conspiracy. Minor issues relate to the eliciting of certain evidence on cross-examination and to the introduction of several items of physical evidence.

The State's position is that the appellant conspired with the co-indictees Roberts, Hollins, Hughes and Barnhill to commit the

crime as charged; that the appellant was present when it was committed; that she actually participated by aiding, abetting and procuring its commission; and therefore that the testimony of these co-conspirators was admissible.

The appellant, on the other hand, urges that their testimony was not corroborated as required so as to establish a conspiracy, and therefore their testimony was not admissible.

A determination of the substantial issue referred to above requires the evaluation of the evidence as to conspiracy, in the light of established principles of law.

The evidence showed without dispute that the appellant and the victim were en route to their respective homes from an all-night poker game in an adjoining county; that they were the only occupants of the victim's truck, which he was driving; that while they were proceeding on a named highway Barnhill and Hollins first tried unsuccessfully to halt them; that later on another highway they were forced by these men to stop at gun point; and that the victim was then and there robbed of his money.

Roberts testified, insofar as necessary to recite here, that several days before the robbery the appellant contacted him about the possibility of robbing the victim; that he discussed this with Hughes and Hollins who expressed an interest in it; that Roberts then contacted the appellant; that she provided him with details as to how the robbery was to be carried out; that she told him that the victim would have $6,000 or $7,000 with him on that particular night and to impress upon Hughes and Hollins that there would be no risk because the victim had been robbed several times before and did not resist; that this information was passed on to them; that later she told him (Roberts) of the time and place for the robbery; that she relayed through him to Hughes and Hollins that it would occur at a stated highway crossing where the victim always halted at a stop sign, and that she would delay him there by kissing him; that on the night of the robbery she called him (Roberts) as planned, and gave him the go-ahead for its commission; that he conveyed this message to Hughes and Hollins; that Barnhill then substituted for Hughes, and that Barnhill and Hollins actually committed the robbery.

Barnhill swore in essential part as follows: that he, Hughes and

Hollins waited on the night of the robbery for a telephone call from the appellant; that Roberts received the call and communicated the message to them; that the three had been told by Roberts that as a signal the appellant was to kiss the victim as they drove to the designated location for the robbery; that when they reached that point the appellant smiled and "acted like she tried to kiss him"; that the victim foiled the robbery at that point and drove on another highway; that he and Hollins followed; that the appellant knew they were "right behind them"; that she "looked back and smiled at us"; and that during the robbery he saw her smile as Hollins took two or three dollars from her.

Hollins testified, in material part, that on the night preceding the robbery he drove Hughes to the general area involved but that they decided to execute the plan at another crossing; that the following night during the robbery the appellant "cracked a smile" when he took three dollars from her pocketbook, and that upon its return to her she knocked it on the floor.

The victim's testimony included a narrative of the poker activities of the night in question; his and the appellant's encounter at the highway intersection; her kissing him there; his thwarting the robbery at that place; the crime subsequently committed on another highway; and her urging him to drive slower in pursuit of the robbers because she was afraid of having a wreck.

The appellant in her testimony disavowed any participation in or connection with the robbery. She related her friendship with the victim Norton, their regular poker playing habits, and of several conversations with Roberts when he questioned her about the victim and where they played poker. She told of her and the victim's playing poker on the night involved; their initial encounter with Barnhill and Hollins; the kiss at the intersection, but denying that it was connected with the robbery; the amount of money taken from her pocketbook; her asking the victim about the amount taken from him; their chasing the robbery car; and other events not necessary to detail here.

■ It is clear from the evidence that since the appellant did not actually commit the crime, her guilt must be based upon the theory of a conspiracy. This conclusion is manifest because the State's case against her is essentially founded upon the testimony

of the admitted accomplice Roberts, this being the only link to the appellant's alleged aiding and abetting the commission of the crime carried out by Barnhill and Hollins. From what appears here, these two co-indictees, prior to committing the act of robbery, had never had any contact with the appellant.

Before proceeding further, several principles relating to conspiracy must be kept in mind.

It is axiomatic that a conspiracy is "a corrupt agreement between two or more persons to do an unlawful act . . " (*Fincher v. State*, 211 Ga. 89 (4) (84 SE2d 76)); that its existence "may be shown by either direct or circumstantial evidence" (*Chappell v. State*, 209 Ga. 701, 702 (75 SE2d 417)); and that "After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." *Code* § 38-306.

It is required for a conviction in a felony case that the testimony of an accomplice must be corroborated. *Code* § 38-121.

However, "It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. [Citations.] Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will support a verdict. [Citations.] The sufficiency of the corroboration . . . is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration *connecting* the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence." *Hargrove v. State*, 125 Ga. 270, 274 (54 SE 164). (Emphasis supplied).

Yet, in order "to sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and, *independently* of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty, and more than sufficient to merely cast on the defendant a grave suspicion of guilt." *Price v. State*, 208 Ga. 695 (3a) (69 SE2d 253). (Emphasis supplied.) See also, *Allen v. State*, 215 Ga. 455 (2) (111 SE2d 70).

And, "Corroboration of the accomplice as to the time, place, and circumstances of the transaction, if there be nothing to show any

connection of the defendant therewith except the testimony of the accomplice, is not sufficient to support a conviction." *Lanier v. State,* 187 Ga. 534 (1) (1 SE2d 405). See also, *Pritchard v. State,* 224 Ga. 776 (164 SE2d 808) (two Justices dissenting).

The reason for this rule is not hard to find. "To admit such declarations—such hearsay testimony—in proof of a conspiracy itself would . . . in charges of criminal conspiracy, render the innocent the helpless victims of villainous schemes, supported and proved by prearranged and manufactured evidence of the promoters thereof." *Wall v. State,* 153 Ga. 309, 318 (112 SE 142) (approving the statement from another jurisdiction).

It is vital in establishing a conspiracy that the testimony of the corroborating accomplice connect the defendant with the offense and tend to show his guilt. As stated by this court in *Wall v. State,* 153 Ga. 309, 318, supra, "The criminal conspiracy can not be shown by declarations of alleged conspirators, not in the presence of, and without the knowledge of, others sought to be bound thereby; but must be established by *aliunde* proof sufficient to establish prima facie the fact of conspiracy between the parties." (Emphasis supplied.) See also, *Lanier v. State,* 187 Ga. 534, 542 (4), supra; *Robinson v. State,* 207 Ga. 337, 340 (61 SE2d 475); *Walker v. State,* 57 Ga. App. 868, 870 (197 SE 67).

In light of the foregoing principles, we conclude that the evidence here was not sufficient to establish a conspiracy. The required corroboration of Roberts' testimony connecting the appellant with the crime was lacking.

Roberts was the only witness who testified as to any contact whatsoever with the appellant, insofar as planning the robbery was concerned.

The testimony of Barnhill and Hollins as to the commission of the robbery and the appellant's conduct during this time merely showed that she could have been acting in accordance with a prearranged plan, as sworn to by Roberts, but it was not corroborative evidence, *independent* of the testimony of Roberts, to connect the appellant with the crime. See, e.g., *Taylor v. State,* 110 Ga. 150 (35 SE 161).

We regard the events related in the testimony by Barnhill, Hollins, the victim and the appellant as to her behavior during and

after the robbery to be merely suspicious circumstances. It cannot be said that this was evidence of an *agreement* connecting the appellant with the crime, or leading to the inference that she was guilty, independently of the testimony of Roberts.

Without corroboration of Roberts' testimony the structure relied upon to prove conspiracy falls. The testimony of the other witnesses adds nothing toward its establishment.

It follows that "Since there was no prima facie showing of a conspiracy between the defendant and [her] alleged accomplices, there was no basis for the allowance in evidence of the acts or declarations of these alleged accomplices." *Pritchard v. State,* 224 Ga. 776, supra. Such evidence was hearsay.

Therefore it was error to admit in evidence the testimony of such persons, to give the charge on conspiracy and to overrule the general grounds and the second special ground of the amended motion for new trial.

■ Special ground 3 of the aforesaid motion for new trial, not being insisted upon here, is deemed waived.

■ The two enumerations, one urging error on account of improper cross examination of the appellant and the other as to admission of certain physical evidence, cannot be sustained. No objection was made to the introduction of such evidence.

*Judgment reversed in part; affirmed in part. All the Justices concur.*