## 53032. ADAMS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for the crime of burglary. He denied that he participated in the offense. His alleged co-conspirator, Billy Gene Hand, entered a plea of guilty and testified for the state. Hand described how he and the defendant broke into the building, took the personal property, and hid it at another location. Hand testified that the burglary took place around 9:00 to 9:30 p.m. on the evening of January 29, 1976. Two policemen testified that they stopped Hand in his automobile around 10:00 to 10:30 that evening and the defendant Adams was in the car with him. Hand said this was correct. *Held:*

Defendant relies on Code § 38-121 which provides that the testimony of a single witness is generally sufficient to establish a fact except in a felony case where that witness is an accomplice. In those cases corroborating circumstances may dispense with another witness. "Although the corroboration need not be sufficient to warrant a verdict of guilty, nor need every material particular be corroborated [cits.], insofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the accused with the crime" (*Turner v. State,* 235 Ga. 826, 827 (221 SE2d 590)), and "such corroboration must be *independent* of the accomplice's testimony." *West v. State,* 232 Ga. 861, 864 (209 SE2d 195). "[A] distinction must be made between evidence which tends to prove the truth of the accomplice's general testimony and that which tends to prove the *identity and participation* of the accused. . . [I]nsofar as the *participation and identity* of the accused is concerned, there must be independent corroborating evidence which tends to connect the accused with the crime." *Birt v. State,* 236 Ga. 815, 824 (225 SE2d 248). (Emphasis supplied.)

Testimony which shows nothing more than the defendant was seen in the company of the accomplice at the approximate time of the offense charged is insufficient corroboration. *Askew v. State,* 135 Ga. App. 56, 58 (217 SE2d 385); *Allen v. State,* 215 Ga. 455, 458 (111 SE2d 70).

*Judgment reversed. Marshall and McMurray, JJ., concur.*

SUBMITTED NOVEMBER 3, 1976 — DECIDED DECEMBER 1, 1976.

*Thomas H. Baxley,* for appellant.
*John R. Irwin, District Attorney,* for appellee.