A92A1499. SMITH v. THE STATE.
(424 SE2d 56)

McMURRAY, Presiding Judge.

Defendant Smith appeals his conviction on 14 criminal charges, including possession of cocaine with intent to distribute, criminal attempt to possess cocaine with intent to distribute, burglary, aggravated assault with a deadly weapon, 4 counts of terroristic threats (upon Jimmie King, Sharon King, Keisa King, and Cora Ammons), criminal attempt to commit extortion, 3 counts of false imprisonment (of Jimmie King, Sharon King, and Keisa King), possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. *Held*:

1. Defendant contends that the State failed to prove his guilt beyond a reasonable doubt. The evidence viewed in the light most favorable to upholding the jury's verdict shows that co-defendant Hollis was distributing cocaine in and around Unionville when he sold out and went to get a resupply from co-defendant Stuckey. Hollis was accompanied by defendant. Stuckey went to the yard behind a duplex occupied by the King family and reported back that his cache of cocaine was missing. Defendant then accompanied Hollis and Stuckey in a search for the cocaine which they were unable to find in the dark. After some discussion the three concluded that Jimmie King, who had been in the back yard, must have stolen the missing cocaine. Defendant and Stuckey walked around to the front of the apartment and defendant kicked in the door. Jimmie King, his wife Sharon

King, and their daughter Keisa King were present in the apartment. The three intruders demanded the return of the cocaine and were told that they did not have it. Stuckey then drew a pistol and pointed it at Jimmie King's head as the demands for return of the cocaine continued. During the interval which followed, Cora Ammons, Sharon King's mother, was repeatedly telephoned by each of the members of the King household concerning the intruders and requesting her help. Ms. Ammons traveled as rapidly as possible to the King home where she found five men (the three original intruders having been joined by co-defendants Rhodes and Davis). Defendant attempted to prevent Ms. Ammons' entrance but she pushed past him. When Ms. Ammons arrived Stuckey had the gun to Jimmie King's head. None of the intruders attempted to interfere with Stuckey's use of the gun or threats against Ms. Ammons and the King family. All five of them were continuing to demand return of the cocaine. They threatened to kill the entire King family and Ms. Ammons if the cocaine was not returned. At this time Sharon King was trying to get to her husband and defendant was holding her back. The King family and Ms. Ammons tried to leave but the intruders would not permit them to leave. Ms. Ammons began to negotiate with the intruders, asking what was the value of the missing cocaine. Finally, in exchange for Ms. Ammons' promise to pay them a sum in excess of $2,000 later that morning, Ms. Ammons was permitted to leave with her daughter and granddaughter approximately 30 to 45 minutes after she arrived. Ms. Ammons was unable to raise the money, and, after ascertaining that the intruders were still at the King home, called the police and the five intruders were soon arrested. Police later found crack cocaine in the front yard of the adjoining unoccupied residence.

In order to show that defendant was guilty of the offense of possession of cocaine with intent to distribute, the evidence must establish, along with other elements of the crime, that defendant alone or jointly with another had actual or constructive possession of cocaine. There is clearly no evidence of actual possession by defendant. Constructive possession is shown where one knowingly has both the power and the intention at a given time to exercise authority or control over a thing. *Shropshire v. State*, 201 Ga. App. 421, 422 (411 SE2d 339); *Wright v. State*, 199 Ga. App. 718, 719 (2), 720 (405 SE2d 757). It cannot be reasonably suggested that one has the power to exercise control over something which has been lost or stolen. The entire sequence of events at issue unfolded after Stuckey discovered that he no longer possessed the power to exercise control over the cocaine he had hidden. While defendant participated in the attempt to recover the cocaine there is no evidence that defendant shared possession of the cocaine before it was lost. Defendant attempted to commit the crime of possession of cocaine with intent to distribute and

there is evidence that he took significant steps to accomplish this goal, was thwarted only by the loss of the cocaine, and defendant's conviction for the offense of criminal attempt to possess cocaine with intent to distribute was authorized by the evidence. OCGA §§ 16-13-33 and 16-4-1. However, because the evidence fails to establish that defendant/ever possessed the cocaine, his conviction of possession of cocaine with intent to distribute must be reversed.

Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. "A person is concerned in the commission of a crime only if he: . . . Directly commits the crime . . . [or] Intentionally aids or abets in the commission of the crime. . . ." OCGA § 16-2-20 (b). The jury was authorized to conclude that defendant was either the perpetrator or an aider and abettor of each of the remaining charges of which defendant was convicted. The evidence showed much more than defendant's mere presence at the scene of these crimes. Defendant plainly took an active role in the criminal conspiracy described by the evidence. *Henderson v. State*, 200 Ga. App. 200 (1) (407 SE2d 448); *Williams v. State*, 200 Ga. App. 84, 85 (1), 86 (406 SE2d 498).

It was not necessary that the gun have been in defendant's immediate possession for him to be convicted on the firearms charges. As defendant was a party to the crimes, he and his co-conspirator were responsible for the acts of the others. Defendant, being responsible for the acts of Stuckey, was in possession of the gun in violation of the penal provisions. *Coursey v. State*, 196 Ga. App. 135 (1), 136 (395 SE2d 574).

After carefully examining the record and transcript, we find that the evidence is not sufficient to authorize defendant's conviction of possession of cocaine with intent to distribute. As to the remaining offenses of which defendant was convicted, we find that a rational trier of fact could reasonably find defendant guilty beyond a reasonable doubt of each of these offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant contends that all of the charges merged into one conviction. The double jeopardy provisions invoked by this enumeration of error are set out in OCGA §§ 16-1-6 and 16-1-7.

The contention that the two drug charges merged is rendered moot by the reversal of defendant's conviction of possession of cocaine with intent to distribute. "The offense of possession of a firearm during the commission of a felony does not merge into the felony upon convictions for both." *Wiley v. State*, 250 Ga. 343, 351 (6) (296 SE2d 714). See OCGA § 16-11-106 (e). Neither were the two firearms charges included one within the other as each has its distinctive element, the status of the offender as a previously convicted felon in the offense of possession of a firearm by a convicted felon, and the pend-

ing commission of a specified crime in the offense of possession of a firearm during commission of a crime. After examining each of the remaining convictions, we conclude that none of these offenses merge as a matter of fact or law.

3. Defendant's remaining enumerations of error complain of the trial court's refusal to give requested instructions to the jury. The first two of these requests, for a charge on mistake of fact and on a person's right to use force to protect a third person were not adjusted to any principle involved in the case or authorized by the evidence at trial. *Grant v. State*, 197 Ga. App. 878, 879 (2), 880 (399 SE2d 743).

Nor did the trial court err in refusing to charge that the testimony of an accomplice must be corroborated. The requested charge was argumentative and in any event unnecessary since none of defendant's convictions rested solely on the testimony of a single accomplice. *Ross v. State*, 245 Ga. 173, 177 (5) (263 SE2d 913).

Defendant's final enumeration of error contends the trial court erred in giving the requested charge on evaluating a witness' motive for testifying against defendant. To the extent that this charge was adjusted to the evidence, its substance was adequately covered in the trial court's general charge which instructed the jury to consider the believability of witnesses as well as their interest and bias. *Pace v. State*, 201 Ga. App. 475, 476 (2) (411 SE2d 361); *Williams v. State*, 199 Ga. App. 566, 571 (5) (405 SE2d 716).

*Judgment affirmed in part and reversed in part. Sognier, C. J., and Cooper, J., concur.*

DECIDED OCTOBER 14, 1992.

*Robert M. Bearden, Jr.*, for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Vernon R. Beinke, Assistant District Attorneys*, for appellee.