## S95A0114. PARKERSON v. THE STATE.
### (457 SE2d 667)

HUNT, Chief Justice.

James A. Parkerson was convicted of malice murder by the stabbing of Ira Morris and of theft by taking.[1] He appeals, and we affirm.

The main issue in this appeal is whether in a case where a defendant and co-indictee agree to the facts leading up to and following a crime, but identify the other as the actual perpetrator, the defendant's testimony serves as sufficient corroboration to satisfy OCGA § 24-4-8 (requiring corroboration of an accomplice's testimony to sustain a felony conviction). We hold that under these circumstances the defendant's testimony provides sufficient corroboration of his identification and participation in the crime and meets the requirements of the statute. Accordingly, and because we find no merit to Parkerson's remaining enumerations of error, we affirm.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Parkerson contends his conviction was based on the uncorroborated testimony of his co-indictee, Earl Thorpe[2] and therefore cannot stand under OCGA § 24-4-8. That Code section provides that the uncorroborated testimony of an accomplice is insufficient to support a felony conviction.[3] Parkerson and Thorpe each testified at trial and their testimony regarding the events leading up to and following the murder was substantially the same. However, each accused the other of stabbing the victim to death.

Although Parkerson concedes that his own testimony and other evidence corroborate Thorpe's testimony in most details, he argues the state presented no evidence corroborating Thorpe's identification

---

[1] The crimes occurred on March 4, 1993. Following a jury trial on January 31, 1994, Parkerson was found guilty of murder and theft by taking; he was sentenced to life in prison for murder, and ten years for theft by taking, the sentence to be served consecutive to the life sentence. Parkerson's motion for a new trial was filed on February 24, 1994, amended on August 15, 1994, and denied on September 2, 1994. He filed a notice of appeal on September 14, 1994. The appeal was docketed on October 6, 1994, and submitted for decision on briefs on November 28, 1994.

[2] Thorpe pled guilty to manslaughter and theft and, at the time of Parkerson's trial, had been sentenced to ten years for theft and had not yet been sentenced on the manslaughter charge.

[3] The statute provides:

The testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including prosecutions for treasons, prosecutions for perjury, and felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness, except in prosecutions for treason.

of Parkerson as the actual perpetrator. We have noted that the corroboration rule of OCGA § 24-4-8 is made more stringent by the requirement, not contained in the statute, that the state must provide corroboration of an accomplice's testimony regarding the identification and participation of the defendant.[4] Contrary to Parkerson's argument, the State presented ample corroboration satisfying that requirement. The testimony of one accomplice can corroborate that of another.[5] Further, slight evidence of corroboration connecting the defendant with the crime satisfies the requirements of OCGA § 24-4-8 and that evidence may be entirely circumstantial.[6] Also, evidence of the defendant's conduct before and after the crime may give rise to an inference that he participated in the crime.[7] Parkerson's own testimony — placing himself at the scene and as a participant in disposing of some of the evidence, including the murder weapon in itself — provides ample corroboration for Thorpe's testimony to support a conviction against Parkerson either as a party to the crimes or as an actual perpetrator in the murder.[8]

3. Parkerson's remaining enumerations of error are without merit.[9]

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs in Divisions 1 and 3 and in the judgment.*

---

[4] *Kesler v. State*, 249 Ga. 462, 465 (2) (291 SE2d 497) (1982). See also *West v. State*, 232 Ga. 861, 865 (2) (209 SE2d 195) (1974).

Wigmore criticizes the corroboration rule although it has been adopted in about half the states. See generally VII Wigmore, Evidence, §§ 2056-2057 (Chadbourn rev. 1978). Wigmore's view is that these statutes are unnecessary codifications of what should be, at most, a cautionary instruction to the jury regarding the possible motives of an accomplice in testifying against the defendant. Although we question the propriety of our statute, we are bound to follow it regarding the requirement of corroboration for an accomplice's testimony in a felony conviction. However, we agree with Wigmore that the additional non-statutory requirement we have imposed regarding separate corroboration of the identification and participation by the defendant is of dubious logic. As Wigmore points out, if the accomplice's testimony is to be credited having been corroborated in substantial part, that credit is not separable, and his entire story should be considered on the issue of the defendant's guilt. Id. § 2059 at p. 424. See also *Miller v. State*, 238 Ga. 560, 563 (233 SE2d 793) (1977) (Undercofler, P. J., dissenting). We need not review this additional requirement to the corroboration rule in this case, however, because of our holding in this division that the defendant's own testimony supplies the necessary corroboration of the accomplice's testimony regarding the defendant's identity and participation.

[5] *Blalock v. State*, 250 Ga. 441, 443 (4) (298 SE2d 477) (1983).

[6] *Bradford v. State*, 262 Ga. 512, 513 (421 SE2d 523) (1992).

[7] Id.

[8] Compare *Hill v. State*, 236 Ga. 831, 833-834 (225 SE2d 281) (1976).

[9] In those enumerations, Parkerson contends the trial court erred: in denying his motion for a mistrial made following the testimony of a state's witness, which testimony Parkerson argues injected his character into evidence; and in admitting into evidence portions of a police summary.

DECIDED JUNE 5, 1995.

*Jones & Jones, L. Earl Jones,* for appellant.
*J. Brown Moseley, District Attorney, Michael J. Bowers, Attorney General,* for appellee.