## A95A2154. BILLINGSLEY v. THE STATE.
### (467 SE2d 377)

RUFFIN, Judge.

A jury convicted Eric Billingsley of possession of cocaine, and the court sentenced him as a recidivist to 30 years. Billingsley appeals, enumerating as error the court's charge to the jury and his sentence. We affirm.

Viewed in a light to support the verdict, the evidence at trial showed that two plainclothes police officers were patrolling a known drug area in an unmarked car when one of the officers saw Billingsley standing beside a car stopped in the middle of the street. While the officers were waiting for the car to move, they saw Billingsley walk to the side of the street, bend down, reach into leaves on the ground, and pick up what appeared to be crack cocaine. Billingsley returned to the car and handed the driver the suspected cocaine in exchange for money, after which the man drove away. Because the officers were concerned about approaching Billingsley in plainclothes and in an unmarked car, they drove away and called for a marked police car to meet them. One of the plainclothes officers joined the uniformed officer in the marked car and returned to where Billingsley was standing. The officer exited the marked car and told Billingsley to approach them and put his hands on the police car. As Billingsley walked toward the officer, he dropped what appeared to be, and was later identified as, crack cocaine.

1. Billingsley asserts that the trial court erred by failing to charge the jury on the offense of abandonment. We disagree.

" 'The law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.' . . . [Cit.]" *Simpson v. State*, 213 Ga. App. 143, 144-145 (1) (444 SE2d 115) (1994). A person commits the offense of abandonment when he or she "abandon[s], in a public place, any dangerous drug, poison, or controlled substance. . . ." OCGA § 16-13-3. We have previously ruled that the offense of abandonment is not a lesser included offense of possession but rather a separate offense. *Recoba v. State*, 179 Ga. App. 31 (2) (345 SE2d 81) (1986). Whether possession of the cocaine was actual or constructive does not matter, "[t]he two crimes occurred at different times and involved statutes that have differing behavioral postulates. Although occurring sequentially, one after the other, each of the transactions would constitute a separate offense since each would be established by proof of differing facts." (Citations and punctuation omitted.) Id. at 32. While it is possible that under

the evidence Billingsley committed the separate act of abandonment, that would not "have any mitigating effect on [his] potential criminal culpability of the previous act of possessing [the cocaine]." Id.

"It follows that the trial court did not err in refusing any of [Billingsley's] requests to charge in connection with the entirely separate crime of abandonment as defined in OCGA § 16-13-3." Id. Where, as in this case, " 'the defendant is charged by a narrowly drawn indictment with a specific crime it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative, separate offense. . . . (Cit.)' [Cit.]" Id.

2. Billingsley asserts that the trial court erred in charging the jury on constructive possession. We note initially that Billingsley requested two jury charges on constructive possession, requests which could have induced the trial court to give the charge of which he complained. Such requests to charge would preclude a finding of error now because "[o]n appeal, one cannot complain of a judgment, order, ruling, or charge that his own procedure or conduct aided in causing. . . . [Cits.]" *Wright v. State*, 199 Ga. App. 718, 719 (2) (405 SE2d 757) (1991).

Additionally, there was sufficient evidence to support the court's charge. Contrary to Billingsley's contention that there was only evidence presented of actual possession, one of the officers testified that he observed Billingsley retrieve cocaine from a pile of leaves on the side of the street and drop cocaine as he walked toward the officers. Although Billingsley was not in actual possession of the cocaine, in each instance the evidence was sufficient to support a charge that he knowingly had both the power and intention to exercise authority or control over the cocaine. See id. at 720; *Simpson*, supra at 145-146. Accordingly, the trial court did not err in giving the charge.

3. In his final enumeration of error, Billingsley asserts that the trial court erroneously admitted evidence of certain prior convictions for sentencing purposes even though the State failed to prove that the convictions were his. Two of the convictions showed that Billingsley was indicted and pled guilty under his real name. Two other convictions showed that Billingsley was indicted under a different name but either pled guilty or was sentenced under his real name. "Concordance of name alone is some evidence of identity. Further, in the absence of any denial by [Billingsley] and no proof to the contrary this concordance of name is sufficient to show that [Billingsley] and the individual previously convicted were the same person. Accordingly, this enumeration is without merit." (Citations and punctuation omitted.) *Mincey v. State*, 186 Ga. App. 839, 841 (4) (368 SE2d 796) (1988).

*Judgment affirmed. Pope, P. J., concurs. Beasley, C. J., concurs in the judgment only.*

DECIDED FEBRUARY 2, 1996.

*Mark R. Pollard*, for appellant.

*Lewis R. Slaton*, District Attorney, *Leonora Grant, Cassandra J. Cook*, Assistant District Attorneys, for appellee.