A96A2463. IN THE INTEREST OF P. A. W., a child.
(480 SE2d 347)

BIRDSONG, Presiding Judge.

P. A. W. was found to be a juvenile delinquent based on the offenses of burglary and arson. He contends the findings are error because the State offered no evidence of the burglary except the uncorroborated evidence of an alleged accomplice and because the State failed to prove the elements of arson, and that consequently the trial court erred in sentencing him for commission of a designated felony act under OCGA § 15-11-37 (e) (1). *Held*:

1. The State's evidence shows that on November 13, 1995, the residence of Mary Albritton was broken into and a shotgun was stolen. A juvenile named B. J. C. testified that appellant broke into the Albritton house with him. B. J. C. admitted taking the shotgun himself, and he said that after leaving the house, appellant said "we need some money and stuff." B. J. C. testified that he and appellant went to the home of another juvenile, B. P., and attempted to sell him the shotgun. B. P. refused to buy the gun, but B. J. C. signed a paper saying the gun was not stolen and left the gun at B. P.'s house.

The police chief testified that he interviewed appellant and told appellant, "I was aware that there was a possibility that he would be implicated in the burglary, that I knew that he had knowledge of the firearm being missing from that residence, and that I would advise him if he knew where the gun was to turn it in. . . . *[Appellant and B. P.] brought the gun to city hall. . . . They made a statement to me to the effect that . . . [B. J. C.] came to this residence [where appellant was visiting] and drew up a little piece of paper, which I have not seen to this day yet, that supposedly B. P., [appellant], and B. J. C., and some more people had signed stating that [B. J. C.] had the gun, it was his gun, it was not stolen.* And they got the gun from [B. J. C.] and sold it to someone in Charlton County." (Emphasis supplied.) The police chief also testified that he did not charge anyone with burglary

except B. J. C. but "then at a later date after B. J. C. made a statement to myself and Sheriff Howard, after he had been convicted of the burglary, he made a statement to me that he would not go down — he would testify that [appellant] was with him."

B. P. testified that he, appellant and another boy were at B. P.'s house when B. J. C. came in and left the gun there. Appellant also testified he was at B. P.'s house when B. J. C. brought the gun to that house. B. P. testified he took the gun because B. J. C. wanted to get rid of it. At trial, when asked whether he thought appellant turned him in, B. J. C. answered: "I don't really know." Appellant testified he was with B. J. C. later when B. J. C. opened a truck and B. J. C. got a gun out of the truck but that he (appellant) had nothing to do with that and he thought B. J. C. might be lying because appellant was not charged with theft in that auto case.

We are unable to find in the evidence any independent corroboration (see OCGA § 24-4-8) of the confessed accomplice's testimony that P. A. W. participated in the burglary, except the very ambiguous fact that appellant turned in a gun to the police chief after the confessed burglar left the gun at the house where appellant was visiting. The police chief told appellant that he had been implicated in the burglary and "that I would advise him if he knew where the gun was to turn it in." That is what appellant did.

There must be *independent corroborating evidence which connects the accused to the crime,*" (emphasis supplied) and such independent corroborating evidence must *do more than merely cast on the defendant a grave suspicion of guilt. Edmond v. State,* 267 Ga. 285, 287 (2) (476 SE2d 731); OCGA § 24-4-8. Although slight evidence *identifying the accused as a participant in the crime* is all that is needed to corroborate an accomplice's testimony (*Martin v. State,* 209 Ga. App. 720 (434 SE2d 534)), that evidence must *independently and directly connect the accused with the crime* itself or *lead to the inference that the accused is guilty. Castell v. State,* 250 Ga. 776 (301 SE2d 234).

The *sufficiency* of corroborating evidence is a matter for the jury and if the verdict is based on the slightest evidence of corroboration, it is legally sufficient even if circumstantial. Id. However, a factfinder may connect wholly non-incriminating evidence with an accomplice's testimony, and, as could have occurred in this case, may also connect it with the fact that the charge is presented with another criminal charge for which evidence of the defendant's guilt does exist. The factfinder may then find such non-incriminating evidence to be "corroborating" when, *independently* of the accomplice's testimony, it does not corroborate the accomplice's implication of guilt, does not cast grave suspicion on his guilt (*Edmond,* supra), does not " '[identify] the accused as a participant in the criminal act' "

(*Martin*, supra at 722), and does not lead to the inference that he is guilty of the crime. *Castell*, supra. Therefore, in close cases, whether certain evidence amounts to "corroboration" of guilt and whether that evidence *independently* amounts to corroboration of guilt may be questions of law for the court.

The fact that appellant turned in the gun stolen from Ms. Albritton's burgled house after the officer told him that if he "knew where the gun was to turn it in" was not *independently incriminating* of his participation in that burglary. Unexplained recent possession of stolen property is sufficient to support an inference that the possessor stole the property (*Quinn v. State*, 222 Ga. App. 423, 424 (474 SE2d 297)), but appellant was not simply found in unexplained recent possession of stolen property. The mere fact that a person turns in stolen property to the police does not independently "[identify him] as a participant" (*Martin*, supra at 722) in the theft. Although on appeal we are bound to construe the evidence with every inference and presumption in favor of upholding the findings of the trier of fact (*In the Interest of R. A. W.*, 197 Ga. App. 225 (398 SE2d 261)), the fact that appellant knew where the stolen property was and turned it in to the police does not, in the circumstances of this case, imply guilt or even "cast grave suspicion" on his guilt (*Edmonds*, supra) so as to serve as corroboration of the accomplice's testimony. Compare *In the Interest of J. L. W.*, 213 Ga. App. 630 (445 SE2d 575) and *In the Interest of J. H. M.*, 202 Ga. App. 79 (413 SE2d 515) where the evidence was independently corroborative of the accomplice's testimony and directly led to the inference of the appellant's guilt. To hold otherwise would discourage innocent witnesses from turning in stolen goods, reporting crimes or giving any evidence at all by exposing them to the real possibility of being convicted of the crime merely with the additional vengeful testimony of the true criminal. The only real evidence *implying guilt* in this case is the accusation of the confessed burglar who admitted leaving the gun at the place where appellant saw it, and this evidence is insufficient to authorize a finding of burglary against P. A. W. OCGA § 24-4-8; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The evidence is sufficient under *Jackson v. Virginia*, supra, to support the finding that appellant committed arson. Appellant was captured on videotape cashing a check which was taken from the burned house. It is specious if not absurd for appellant to argue that the State cannot prove the arson was unauthorized merely because the house was unoccupied when it was burned. Appellant himself admitted that no one gave him permission to start the fire and that if he started the fire, he did so without authority. The evidence shows the burning of the house was unauthorized, and the elements of arson are present in the case.

3. As the court below was authorized to find appellant committed a felony (arson), the sentencing based thereon was proper.

*Judgment affirmed in part and reversed in part. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 22, 1997.

McGee & McGee, *James B. McGee III*, for appellant.
*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.