A97A2001. BROOKSHIRE v. THE STATE.
(496 SE2d 757)

SMITH, Judge.

Mary Hudson Brookshire was convicted by a Hall County jury of possession of marijuana with intent to distribute. In her sole enumeration of error, she contends the evidence was insufficient as a matter of law to support the verdict. We agree and reverse.

Viewed in the light most favorable to the verdict rendered, the evidence shows the following: On July 31, 1995, shortly before 6:00 p.m., the appellant met her son, David Brookshire, in the parking lot of a convenience store and restaurant. Appellant and her niece drove into the parking lot first and parked. Brookshire and his friend, Paul Watson, arrived shortly thereafter and parked next to appellant. Brookshire got out of the car, walked over to appellant, and started talking to her. He was not carrying anything in his hands. Moments after this conversation began, Hall County narcotics agents placed appellant, her niece, her son, and Watson under arrest. The four were jointly indicted for possession of marijuana with intent to distribute.

In a search incident to the arrest, the agents found 13.3 ounces of marijuana, a set of gram scales, and a box of sandwich bags in the son's car. No drugs were found in appellant's car or upon appellant's or her niece's person. Prior to this meeting, the narcotics agents had observed appellant and her niece drive to and from the same convenience store on two occasions, each time placing phone calls from a phone in the parking lot.

Brookshire, who pled guilty to possession with intent to distribute, gave a statement. He said his mother was to receive two ounces of the marijuana and would pay him later. When asked whether his mother was selling the marijuana, he responded "I don't know." He surmised, however, that the marijuana was intended for "people from work or something." Appellant said she met her son to have dinner.

Watson, who also pled guilty to possession with intent to distribute, stated that Brookshire and appellant were supposed to "hook up" at the restaurant and convenience store. An officer testified at trial that based on his training and experience in undercover narcotics investigation, it was his understanding that the phrase "hook up," to those involved with drugs, "means that one or two people get together and they exchange money for drugs or make a drug transac-

tion, to get together, to meet." Watson agreed that the phrase "hook up" could have that meaning.

To support appellant's conviction of possession of marijuana with intent to distribute, the evidence must show both that she possessed the marijuana and that she intended its distribution. Georgia law recognizes two kinds of possession, actual and constructive. *Billingsley v. State*, 220 Ga. App. 69 (1) (467 SE2d 377) (1996). "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. [Cit.]" (Citation and punctuation omitted.) Id. "A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity." (Citations and punctuation omitted.) *Llaguno v. State*, 197 Ga. App. 789, 790-791 (1) (399 SE2d 564) (1990).

No evidence was presented showing that appellant had direct physical control over the marijuana. To uphold the conviction, the evidence must therefore show that appellant constructively possessed the marijuana. We conclude that the evidence presented fails to do so. It is insufficient to support the verdict because it does not authorize, as a matter of law, a reasonable inference that appellant knowingly exercised power and dominion over any portion of the marijuana in her son's car at the time of the arrest. Brookshire's statement shows only that he *intended* to meet appellant that day and, at some point in the future, give her two ounces of marijuana in exchange for later payment. Brookshire's statements are direct evidence of *his* intent to sell marijuana; they do not show possession of marijuana by appellant. Even if Brookshire's statements could be considered by a jury as circumstantial evidence of the appellant's intent to buy marijuana for resale, Brookshire's statements, because he is an accomplice, cannot support a conviction unless they are corroborated by at least slight evidence. OCGA § 24-4-8; *Williams v. State*, 222 Ga. 208, 217 (14) (149 SE2d 449) (1966).

The sufficiency of the corroborating testimony is a jury question, but whether the evidence actually amounts to *corroboration* of guilt is a question of law for the court. *In the Interest of P. A. W.*, 224 Ga. App. 329, 330 (1) (480 SE2d 347) (1997). The corroborating evidence must be "facts and circumstances which, in themselves and, *independently* of the testimony of the accomplice, directly connect the defendant with the crime, or lead to an inference that he is guilty, and more than sufficient to merely cast on the defendant a grave suspicion of guilt." (Citations omitted.) *Caldwell v. State*, 227 Ga. 703, 706 (1) (182 SE2d 789) (1971); *In the Interest of P. A. W.*, supra at 331. Moreover, corroboration " 'as to the time, place, and circumstances of the

transaction, if there be nothing more to show any connection of the defendant therewith except the testimony of the accomplice, is not sufficient to support a conviction.' [Cits.]" *Caldwell v. State*, supra at 706, 707; see also *Adams v. State*, 140 Ga. App. 621 (231 SE2d 547) (1976).

The evidence available to corroborate Brookshire's statements consists of the entirely circumstantial evidence that appellant and her niece placed a few phone calls from the convenience store/restaurant, drove around, and then parked shortly before they met Brookshire; and the testimony of Watson that Brookshire said he was going to "hook up" with his mother. The circumstantial evidence is entirely consistent with the appellant's statement that she intended to meet Brookshire for dinner. Without benefit of Brookshire's statements, this evidence would not exclude every theory save that of the guilt of the accused. OCGA § 24-4-8. Moreover, this evidence connects the appellant with the crime only to the extent that it shows a connection to the "time, place, and circumstances of the transaction," which is insufficient corroboration. *Caldwell*, supra. To employ this evidence as corroboration would be to permit the State to couple evidence that independently would be legally insufficient — mere spatial proximity to contraband and the uncorroborated statement of an accomplice — to prove constructive possession.

It is true that the testimony of one accomplice may corroborate that of another. *Parkerson v. State*, 265 Ga. 438, 439 (2) (457 SE2d 667) (1995). But in this case, Watson's testimony regarding "hooking up" cannot be used to corroborate Brookshire's statement for two reasons. First, it is nonprobative hearsay concerning what was said by Brookshire; it cannot be used to show the *truth* of what Brookshire said. Second, it does not satisfy the requirement that it show appellant's connection with the crime *independently* of Brookshire's statement; Watson's testimony simply repeats that statement. *Caldwell*, supra.

The State having failed to present sufficient evidence of both appellant's possession and her intent to distribute, her conviction must be reversed.

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur for the reason that even imminent possible possession does not constitute "constructive possession" as that term is legally defined. The State must prove "that defendant alone or jointly with another had actual or constructive possession of [the contraband]. . . . Constructive possession is shown where one knowingly has both the power and the intention at a given time to exercise

authority or control over a thing. [Cits.]" *Smith v. State*, 205 Ga. App. 810, 811 (424 SE2d 56) (1992).

Even considering the testimony of Brookshire's son and his companion Watson, and without concern for further corroboration, neither evidence nor a reasonable inference is available on this record to prove that Brookshire had the power to exercise control of the marijuana at any time. She certainly did not have it alone, as the marijuana was in the car of her son, the driver, and there is no evidence that he gave her the keys after he and Watson arrived.

Nor could it be found that both mother and son jointly shared the requisite power at any time. The son, with Watson as aider and abettor, solely possessed the power to retain the marijuana, give it to Brookshire or someone else, drive off with it, or any one of a number of possibilities. Although there is some evidence that Brookshire intended to exercise authority and control over the marijuana as part of engagement in buying and distributing marijuana, control had not yet passed to her. Anticipation of possession, even when the possessor's anticipation coincides, does not constitute "authority or control" over an object. The officers stopped the progress of the apparent plan too early to allow any act of possession by her to occur.

"A 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." OCGA § 16-2-1. Thus the act of possession must be in the present, not in the future, to constitute the crime charged.

The *Smith* case is comparable because it also involves a planned and attempted possession which was thwarted before it matured.

DECIDED FEBRUARY 3, 1998.

*Leo E. Benton, Jr.*, for appellant.
*Lydia J. Sartain, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney*, for appellee.