A04A0586. IN THE INTEREST OF M. B., a child.
A04A0587. IN THE INTEREST OF C. B., a child.
A04A0588. IN THE INTEREST OF D. B., a child.
(601 SE2d 370)

ADAMS, Judge.

M. B., C. B. and D. B., along with T. C., a fourth minor child, were charged with the offense of criminal damage to property in the second degree. T. C. negotiated a plea and testified against the other children. The remaining cases were consolidated for trial and all three of the children were adjudicated delinquent after a hearing on September 25, 2003. They appeal.

M. B., C. B. and D. B. each assert that the trial court erred in adjudicating them delinquent because the evidence was legally insufficient. They contend that T. C.'s testimony, as an accomplice, was not sufficiently corroborated to support a finding of guilt. D. B. also asserts that the trial court erred in finding that mere presence at the scene of a crime was sufficient for a finding of criminal culpability.

> In considering the sufficiency of the evidence supporting a juvenile court adjudication of delinquency, this Court applies the same standard of review that is used in any criminal case. That is, we construe the evidence in favor of the juvenile court's findings to determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the act charged. The resolution of conflicts in the

evidence and the credibility of the witnesses falls within the province of the trial court.

(Footnotes omitted.) *In the Interest of R. H.*, 266 Ga. App. 751 (598 SE2d 369) (2004).

Viewed in that light, the evidence at the hearing showed that the four children were playing basketball on the afternoon of June 10, 2003, in the neighborhood where Mamie Lee Moore's home is located. Moore saw the children playing basketball near the street as she left to go to church. When Moore returned home, she saw M. B., C. B. and D. B. still playing, but T. C. was gone. Moore then discovered that egg was splattered on her front door and on her 1979 Mercedes Benz, which she left parked at her home. She also discovered a dent in the top of the Mercedes. Moore asked M. B., C. B. and D. B. if they had seen anyone on her car and they said "no."

T. C. testified that he and the other children damaged Moore's car because he wanted to get back at her as a result of an earlier altercation he had with her at church and because she had threatened the boys when they played basketball in the road. He stated that the four children had all planned to damage the car and that he and C. B. had thrown eggs at the car and dented it. T. C. said that both M. B. and he jumped on the hood, D. B. urinated on the tires and C. B. opened the driver's door and urinated inside the car.

C. B. testified, however, that T. C. acted alone in damaging the car and that T. C. told the others that he wanted to do something to get back at Moore because of the incident at church. C. B. testified that T. C. threatened to hurt them if they told on him. Three days after the incident, T. C. and M. B. got into a fight, during which T. C. broke M. B.'s jaw. After that, C. B. and D. B. told Moore that T. C. was the one who damaged her car. Later, after T. C. learned that he would have to pay for all the damage to Moore's car if he was the only one involved, he confessed and implicated the other three boys, specifying exactly what each child had done to the car.

Under Georgia law, a defendant may not be convicted solely upon the uncorroborated testimony of an accomplice, OCGA § 24-4-8, and this Court has held that the requirement for such independent corroboration is applicable to juvenile proceedings. *In the Interest of J. H. M.*, 202 Ga. App. 79, 80 (413 SE2d 515) (1991). Where the participation of the accused in the crime is at issue, the corroborating evidence must independently and directly connect the accused to the crime:

There must be *independent corroborating evidence which connects the accused to the crime,* and such independent corroborating evidence must *do more than merely cast on the*

*defendant a grave suspicion of guilt.* Although slight evidence *identifying the accused as a participant in the crime* is all that is needed to corroborate an accomplice's testimony, that evidence must *independently and directly connect the accused with the crime* itself or *lead to the inference that the accused is guilty.*

(Citations and punctuation omitted; emphasis in original.) *In the Interest of P. A. W.*, 224 Ga. App. 329, 330 (1) (480 SE2d 347) (1997).

Here, the only evidence proffered as corroboration was the fact that Moore had, at some unspecified time in the past, reported misbehavior on the part of M. B. and C. B. at school. The trial judge relied upon this evidence, along with the fact that neither M. B., C. B., or D. B. told Moore at the time of the crime that T. C. had committed it.

We find, however, that this evidence is insufficient to provide independent corroboration of T. C.'s testimony because it does not connect M. B., C. B. or D. B. with the crime. See *In the Interest of C. H.*, 262 Ga. App. 630, 632 (585 SE2d 921) (2003); *In the Interest of P. A. W.*, 224 Ga. App. at 331 (1). Moore's prior reporting of misbehavior on the part of M. B. and C. B. was never cited as a motive for the crime, nor was there any evidence of how M. B. or C. B. reacted to these earlier incidents. Thus, there was nothing to indicate that the incidents played any part in the crime. Moreover, we note that there was absolutely no evidence of any prior problems at school between D. B. and Moore. Thus, there was no evidence proffered at all to corroborate T. C.'s testimony as it related to D. B.

Nor do we believe that the juveniles' failure to immediately report that T. C. committed the crime provides corroboration of their own guilt. The trial judge seemed to place great emphasis on this factor. During the penalty phase of the hearing, he told M. B., C. B. and D. B. that even if they had not participated in the crime, they were still guilty by standing by and watching it happen:

> And if nothing else, if your side of the story is correct, that he did all this and y'all just watched and didn't do [anything] about it, you're just as guilty as he is. The three of you owed Ms. Moore an obligation to either stop him or tell on him.

This is not a correct statement of the law. Neither a suspicion of guilt nor mere presence at the scene of a crime is sufficient to establish guilt. *McGinnis v. State*, 183 Ga. App. 17, 19 (2) (358 SE2d 269) (1987). Nor was it illegal to fail to turn in the perpetrator. We note that the juveniles later did tell Moore who had damaged the car, before T. C. himself confessed and implicated them.

Accordingly, the adjudications of delinquency in these cases must be reversed.

*Judgment reversed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED JUNE 9, 2004.

*DuAnn C. Davis*, for appellant (case no. A04A0586).

*McCullough & Swindell, Brantley J. Swindell*, for appellant (case no. A04A0587).

*Carol B. Miller*, for appellant (case no. A04A0588).

*Tom Durden, District Attorney, Claira E. Mitcham, Assistant District Attorney*, for appellee.

