In the Supreme Court of Georgia

Decided:   June 16, 2014

S14A0482.  SUTTON v. THE STATE.

THOMPSON, Chief Justice.

Appellant Christopher Sutton was convicted of malice murder and other crimes in connection with the shooting death of Dwight Smith.[1]  He appeals, asserting, inter alia, the trial court erred in failing to grant his motion for new trial based on newly discovered evidence.  Finding no error, we affirm.

1. Appellant was one of five perpetrators who conspired to rob the murder victim, who was a tattoo artist.  Three of the conspirators, appellant, Michael

---

[1] The crimes occurred on November 24, 2006.  The grand jury indicted appellant on March 30, 2007, and charged him with the malice murder of Dwight Smith, three counts of felony murder, aggravated assault of Dwight Smith, aggravated assault of Khiry Clemons, conspiracy to commit a crime, criminal attempt to commit armed robbery, and possession of a firearm during the commission of a felony.  Trial commenced on November 12, 2008, and the jury returned its verdict two days later finding appellant guilty on all counts.  Appellant was sentenced on November 24, 2008, to life for malice murder, ten years for the aggravated assault of Khiry Clemons, and five years (consecutive) for the firearm possession charge.  Appellant filed a motion for new trial on December 15, 2008.  The motion was amended on May 20, 2011, and October 25, 2011.  The trial court denied the motion on March 11, 2013, and appellant filed a notice of appeal on March 23.  The appeal was docketed  in this Court for the January 2014 term and submitted for a decision on the briefs.

Smith and Miche Hunt arrived at the victim's house in appellant's mother's automobile. They entered the house, ostensibly for the victim to tattoo Hunt, and spoke with the victim about tattoos. Then Smith sat on the couch with the victim's cousin, 17-year-old Khiry Clemons, who was visiting the victim and playing a video game.

Clemons testified at trial that when Hunt went to the bathroom, Smith pulled out a gun and told him to get down on the floor; that appellant drew a gun on the victim, who fought back and attempted to grab the gun; that during the struggle the victim was shot in the head; that appellant and Smith fled; and that they were followed out the door by Hunt, who, after exiting the bathroom, stopped to pick up her belongings.

Michael Smith pled guilty to conspiracy to commit a crime and also testified at trial. He averred that he entered the murder victim's house with appellant and Miche Hunt; that he was carrying a .45 pistol, which had been given to him by another conspirator, Denarryl Head, and that appellant carried his own weapon; that, while they were speaking with the victim about tattoos, Hunt passed them a message instructing them to draw their guns when she went to the bathroom; that when appellant drew his gun, the victim pulled out his

2

pockets to show appellant he did not have any money; that the victim grabbed appellant's gun; and that during the struggle for the gun, appellant shot the victim. Smith added that appellant later told him that he shot the victim in the course of the struggle because he "really didn't have a choice."

Appellant contends the evidence was insufficient to support the verdict because it rested solely on the uncorroborated testimony of Michael Smith, an accomplice to the crimes. See former OCGA § 24-4-8 (to sustain felony conviction, testimony of accomplice must be corroborated).[2] We cannot accept this contention.

"[S]light evidence of corroboration connecting the defendant with the crime satisfies the requirements of OCGA§ 24-4-8 and that evidence may be entirely circumstantial. Also, evidence of the defendant's conduct before and after the crime may give rise to an inference that he participated in the crime." Parkerson v. State, 265 Ga. 438, 439 (457 SE2d 667) (1995). See also Hill v. State, 236 Ga. 831, 833-834 (225 SE2d 281) (1976). Here the testimony of Clemons identifying appellant as the shooter satisfied the corroboration requirements of former OCGA § 24-4-8. See Reeves v. State, 244 Ga. App. 15,

_____

[2] This code section appears as OCGA § 24-14-8 in the new Evidence Code.

18 (1) (c) (534 SE2d 179) (2000) (where two witnesses give same facts, the circumstance that one is accomplice does not render evidence insufficient under former OCGA § 24-4-8). The fact that Clemons initially identified the wrong man as the shooter was a matter for the jury to resolve. See Brookshire v. State, 230 Ga. App. 418, 419 (1998) (496 SE2d 757) (1998) (sufficiency of corroborating testimony is a jury question). See also Tiggs v. State, 287 Ga. App. 291, 293 (651 SE2d 209) (2007) (credibility of identification testimony is question of fact to be decided by jury).

2. GBI firearms examiner Bernadette Davy testified that a .380 cartridge was found at the scene; that that cartridge could not have been fired from a .45 pistol; that it was consistent with having been fired from either a Bryco or Lorcin .380 pistol; that, if those type of guns were working properly, it would take between seven and ten pounds of rearward pressure to fire them; and that that amount of pressure would be inconsistent with an accidental trigger pull. At the motion for new trial, appellant introduced evidence showing that Davy resigned from the GBI on April 1, 2009, following an investigation which demonstrated that she intentionally fabricated firearms data in another, unrelated case. Appellant asserts the trial court failed to grant his motion for new trial

4

based on this newly discovered evidence. We disagree. A new trial will not be granted on the basis of newly discovered evidence where, as here, the only effect of the evidence would be to impeach the credibility of a witness. Timberlake v. State, 246 Ga. 488, 491 (271 SE2d 792) (1980); Smith v. State, 222 Ga. App. 366, 371 (6) (474 SE2d 272) (1996).

3. Appellant contends the trial court erred in permitting the lead detective to testify that Miche Hunt told him appellant went inside the victim's house. In this regard, appellant argued the out-of-court statement was testimonial in nature and violated his right of confrontation because Hunt did not testify. See Gay v. State, 279 Ga. 180, 181-182 (2) (611 SE2d 31 (2005) (confrontation clause bars admission of out-of-court, testimonial statements when declarant cannot be cross-examined). We cannot accept this contention because any error was harmless beyond a reasonable doubt. See id. at 182, n.3 ("a finding of harmless constitutional error requires that the error be harmless 'beyond a reasonable doubt'"). First, the detective did not state he was told by Hunt that appellant went inside the house. The detective was only asked "whether or not" Hunt made such a statement. The detective answered that question affirmatively; but before the detective was asked the logical followup question, appellant

interposed an objection. The court sustained the objection and struck the detective's answer to the "whether or not" question. Moreover, the testimony was cumulative of other admissible evidence placing appellant in the house, to wit: the testimony of Michael Smith and Khiry Clemons, as well as the out-of-court statement of Jamilah Jarboe, appellant's girlfriend, who testified at trial.

In a related argument, appellant also claims the detective's testimony concerning Miche Hunt's out-of-court statement violated Bruton v. United States, 391 U. S. 123 (88 SCt 1620, 20 LE2d 476) (1968). We disagree. "Bruton only excludes statements by a non-testifying co-defendant that directly inculpate the defendant." Moss v. State, 275 Ga. 96, 98 (561 SE2d 382) (2002). Bruton is not implicated where the statement does not facially incriminate appellant and "only becomes incriminating when linked with other evidence introduced at trial." Id. See also Thomas v. State, 268 Ga. 135, 137 (6) (485 SE2d 783) (1997).

4. Appellant erroneously asserts the State failed to prove venue. Several witnesses, including the lead detective and a neighbor of the victim, testified the crimes occurred in Fulton County. See Bulloch v. State, 293 Ga. 179, 187 (4) (744 SE2d 763) (2013) (venue may be proved by direct or circumstantial

6

evidence).

5. The trial court did not err in failing to give appellant's request to charge on bare suspicion. A defendant is not entitled to such a charge where, as here, the evidence raises more than a bare suspicion of guilt. Range v. State, 289 Ga. App. 727, 729-730 (3) (658 SE2d 245) (2008). Nor did the trial court err in failing to charge the jury on voluntary manslaughter as a lesser included offense. Voluntary manslaughter requires an assailant to act "solely as the result of a sudden violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). An armed robbery assailant cannot claim he was provoked on the ground that the victim resisted his criminal act. Chapman v. State, 275 Ga. 314, 319 (5) (a) (565 SE2d 442) (2002).

6. Appellant contends trial counsel rendered ineffective assistance because he failed to (a) challenge Khiry Clemons' in-court identification of appellant as the shooter on the ground that it was based on a photographic lineup which was impermissibly suggestive; (b) object to the testimony of Bernadette Davy concerning the rearward trigger pull of a typical Bryco or Lorcin .380 pistol on the basis that it was speculative; (c) secure and communicate a plea

7

offer to appellant and counsel him as to the maximum sentence he could receive and the length of time he would have to serve before he would be eligible for parole. He also posits that post-conviction counsel rendered ineffective assistance because he neglected to (d) ensure that lead trial counsel would appear at the new trial hearing, as well as subpoena appropriate witnesses to testify about Davy's resignation from the GBI; (e) obtain the shell casing found at the scene for independent testing. To prevail on one or more of these grounds, appellant must show both that his counsel's performance was deficient and that, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. Strickland v. Washington, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984). As to the first prong, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

(a) Clemons told the lead detective the name "Chris" was tattooed on the neck of the shooter. The detective showed Clemons a six-person photographic lineup. At that time, Clemons identified Dennaryl Head as the shooter because "he looked familiar." As he investigated the case, the detective realized that,

8

although Head was Hunt's boyfriend and a co-conspirator, he was not at the scene of the crime on the night in question. Thereafter, the detective told Clemons he picked the wrong man out of the lineup and he prepared another photographic array, which included a photo of appellant, for Clemons to view. Clemons identified appellant as the shooter in the second array and he identified him as the shooter at trial. The name "Chris" appears as a tattoo on appellant's neck.

> Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. An identification procedure will not be deemed to be impermissibly suggestive unless it leads the witness to the virtually inevitable identification of the defendant as the perpetrator, and is the equivalent to the authorities telling the witness, "This is our suspect."

Marshall v. State, 285 Ga. 351, 352 (2) (676 SE2d 201) (2009) (citations and punctuation omitted).

Clemons picked out appellant's photo from the second array on his own initiative. It cannot be said that the second photographic array was impermissibly suggestive simply because the lead detective informed Clemons he picked the wrong suspect from the first array. At no point did the detective

9

suggest whom Clemons should identify as the shooter. It follows that trial counsel was not ineffective for failing to challenge Clemons' in-court identification. See Moore v. State, 293 Ga. 676, 679 (748 SE2d 419) (2013) (failure to raise meritless motion or objection is not ineffective assistance).

(b) The expert testimony of Davy was admissible, Maldonado v. State, 325 Ga. App. 41, 49 (5) (752 SE2d 112) (2013); former OCGA § 24-9-67,[3] and its weight was a matter for the jury to consider. It was not incumbent upon trial counsel to object to it. See Moore v. State, supra.

(c) It cannot be said that trial counsel failed to secure and communicate a plea deal because a deal was not offered. Compare Lloyd v. State, 258 Ga. 645, 647-648 (2) (a) (373 SE2d 1) (1988) (failure to communicate prosecutor's offer falls below standard of care). To suggest that counsel should have obtained a deal is pure speculation which is insufficient to satisfy the prejudice prong of Strickland. Peterson v. State, 284 Ga. 275, 277 (663 SE2d 164) (2008). See also Missouri v. Frye, __ U. S. __, __ (132 SCt 1399, 182 LE2d 379) (2012) (defendant has no right to be offered a plea deal). Moreover, trial

---

[3] Except for minor changes, this law can be found in the new Evidence Code at OCGA § 24-7-707.

10

counsel testified that he did inform appellant that if he were convicted he would be given a mandatory life sentence.

(d)  Contrary to appellant's assertions, lead trial counsel did testify upon the motion for new trial, and the GBI's Director of Professional Standards testified with regard to the circumstances surrounding Davy's resignation.

(e) The alleged failure on the part of post-conviction counsel to obtain the shell casing for independent testing cannot be deemed prejudicial because appellant has not demonstrated that the results of any such tests would be relevant and favorable to appellant.  Goodwin v. Cruz-Padillo, 265 Ga. 614, 624 (458 SE2d 623) (1995).

Judgment affirmed.  All the Justices concur.