A05A0491. IN THE INTEREST OF R. G., a child.
(612 SE2d 94)

MIKELL, Judge.

Sixteen-year-old R. G. was stopped by a Madison County sheriff's deputy on July 31, 2003. She was issued three uniform traffic citations charging her with speeding, in violation of OCGA § 40-6-181; driving without a valid driver's license, in violation of OCGA § 40-5-20; and operation of an unregistered vehicle, in violation of OCGA § 40-2-8. R. G. and her parents were ordered to appear before the Juvenile Court of Madison County on October 31, 2003. The state

---

cites to a transcript of the October 31 proceeding; however, no such transcript is included in the record on appeal. It appears from both parties' appellate briefs that R. G. appeared at the hearing and that the court took the matter under advisement.

A second hearing took place on July 16, 2004. After a brief discussion with R. G.'s counsel, the court dismissed the charges of driving without a valid driver's license and operating an unregistered vehicle.[1] The court adjudged R. G. delinquent by virtue of committing the offense of speeding. It ordered her to surrender her Texas driver's license, to pay a $100 fine plus court costs, to attend a driving course, and to complete 50 hours of community service. R. G. was also placed on probation for an indefinite period. R. G. filed the present appeal. For reasons explained below, we reverse the judgment of the juvenile court.

1. First, R. G. argues that the juvenile court erred in adjudging her delinquent when no petition alleging delinquency was ever filed. The state agrees that the juvenile court erred in this regard. OCGA § 15-11-73 (d) provides that "[a] juvenile traffic offense is not an act of delinquency unless the case is transferred to the delinquency calendar as provided in subsection (i) of this Code section." Accordingly, because there is no indication in the record that R. G.'s case was transferred to the delinquency calendar, the juvenile court's order adjudging her delinquent is hereby reversed.

2. In a related error, R. G. argues that there is no factual basis in the record for her conviction on the speeding charge. Generally, when we consider a challenge to the sufficiency of the evidence in the case of an adjudication of delinquency, "we construe the evidence in favor of the juvenile court's findings to determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the act charged." (Citation omitted.) *In the Interest of M. B.*, 267 Ga. App. 721 (601 SE2d 370) (2004). However, in this case there is very little evidence if any in the record to construe. As we noted above, the transcript of the October 31, 2003, hearing is not contained in the record. At most, it appears from the state's brief that at that proceeding the state represented to the court that the parties might agree to a reduction in the speeding charge. In the complaint form contained in the record, the deputy who issued the citations wrote the following, in pertinent part: "Driver was charged with speeding (74 mph in 45 zone) on Hwy. 98 East near Brickyard Road in Comer, GA, using moving radar and visual contact. Driver stated she was late for ball

---

[1] Despite the fact that R. G. had lived in the state of Georgia for her entire life, she had a Texas driver's license because her parents were domiciled in Texas. Her counsel stated that the vehicle in question belonged to R. G.'s grandfather in Alabama and that it was registered there.

practice and knew she was speeding." It does not appear that the deputy testified or that any evidence was presented in support of the complaint against R. G. The state has failed to cite any legal support for the proposition that a traffic citation alone can provide evidentiary support for a speeding conviction.

OCGA § 15-11-73 (f) provides that the hearing on a juvenile traffic offense is an "informal" one, where "parties shall have the right to subpoena witnesses, present evidence, cross-examine witnesses, and appear by counsel." It does not appear from the record before us that any evidence was presented in this case. Compare *In the Interest of B. D. S.*, 269 Ga. App. 89 (603 SE2d 488) (2004) (officer testified in support of speeding charge against juvenile). Therefore, we find no evidentiary basis for R. G.'s conviction for speeding.

3. Finally, R. G. argues that the juvenile court erred in ordering her to surrender her Texas driver's license. We agree. "Georgia is without authority to revoke or suspend a non-resident's driver's license; it may revoke or suspend only the non-resident's privilege of driving a motor vehicle *on the highways of this state*." (Emphasis in original.) *State v. Coleman*, 216 Ga. App. 598, 599 (455 SE2d 604) (1995), citing *Deckard v. State*, 210 Ga. App. 421, 422 (436 SE2d 536) (1993). Accord *State v. Peirce*, 257 Ga. App. 623, 627 (1) (571 SE2d 826) (2002).

The state's argument that the court was required by statute to suspend R. G.'s license based on the points assessable for the alleged violation is without merit. The state relies on OCGA § 40-5-57.1 (a), which provides that "the driver's license of any person under 21 years of age convicted of . . . any offense for which four or more points are assessable under subsection (c) of Code Section 40-5-57 . . . shall be suspended by the department as provided by this Code Section." R. G. was charged with exceeding the speed limit by 29 mph, which is a four-point violation under OCGA § 40-5-57 (c) (1) (A). However, even if we had affirmed R. G.'s speeding conviction, OCGA § 40-5-51 (a) provides that "[n]o points shall be assessed as provided in Code Section 40-5-57 for any violation committed by a nonresident." Accordingly, even if the conviction had been proper, the juvenile court erred in ordering R. G. to surrender her Texas driver's license.

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 17, 2005.

*Curtis G. Shoemaker*, for appellant.

*Robert W. Lavender, District Attorney, James A. Carmichael, Assistant District Attorney*, for appellee.